FILED
CLERK, U.S. DISTRICT COURT

01/10/2024

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ AP _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

March 2023 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JESUS ESAI LEON,<br><br>Defendant. | ED CR No. 5:24-cr-00013-JGB<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 922(a)(1)(A): Engaging in the Business of Dealing in Firearms Without a License; 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii): Distribution of Methamphetamine; 21 U.S.C. § 853, 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. §§ 922(a)(1)(A), 2(a)]

Beginning on an unknown date, but no later than September 20, 2022, and continuing through on or about January 12, 2023, in San Bernardino and Riverside Counties, within the Central District of California, and elsewhere, defendant JESUS ESAI LEON and others known and unknown to the Grand Jury, aiding and abetting each other, not personally being licensed as an importer, manufacturer, or dealer of firearms, willfully engaged in the business of dealing in firearms,

specifically, the sales of the following firearms on or about the following dates:

| Date | Firearms |
|---|---|
| September 22, 2022 | A Taurus, Model G3, 9mm caliber pistol, bearing serial number ACK463881 |
| October 4, 2022 | 1.   A Ruger, Model EC9S, 9mm caliber pistol, bearing serial number 459-59314<br>2.   A Smith & Wesson, Model M&P 9 Shield Plus, 9mm caliber pistol, bearing serial number JMV6497 |
| January 12, 2023 | 1.   A Glock, Model 19, 9mm caliber pistol, bearing serial number ABPS574<br>2.   A Glock, Model 43X, 9mm caliber pistol, bearing serial number BWVA180<br>3.   A Smith & Wesson, Model SD40VE, .40 caliber pistol, bearing serial number FXN1399 |

COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

On or about December 19, 2022, in Riverside County, within the Central District of California, defendant JESUS ESAI LEON knowingly and intentionally distributed at least fifty grams, that is, approximately 431 grams, of methamphetamine, a Schedule II controlled substance.

FORFEITURE ALLEGATION ONE

[21 U.S.C. § 853; 18 U.S.C. § 924; 28 U.S.C. § 2461(c)]

1.    Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in Count Two of this Indictment.

2.    The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)  All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from such offense;

(b)  All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense;

(c)  All right, title, and interest in any firearm or ammunition involved in or used in such offense; and

(d)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), or (c).

3.    Pursuant to Title 21, United States Code, Section 853(p), and as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred,

4

sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in Count One of this Indictment.

2.    The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)    All right, title, and interest in any firearm or ammunition involved in or used in such offense; and

(b)    To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

///

///

6

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
_____
Foreperson

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

SEAN D. PETERSON
Assistant United States Attorney
Chief, Riverside Branch Office

JOHN A. BALLA
Assistant United States Attorney
Deputy Chief, Riverside Branch
Office

7